# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Gregory Mason,** | ) | **CASE NO. 1:17 CV 0441** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **The State of Ohio,** | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Gregory Mason has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1.) At the time he filed the Petition, Petitioner was a pretrial detainee in the Cuyahoga County Jail awaiting trial on charges of menacing, telecommunications harassment, and domestic violence. According to the Cuyahoga County Court of Common Pleas docket, a final pretrial was set for March 21, 2017, but on March 6, 2017, Petitioner pled guilty to one or more charges instead of going to trial.

In his Petition, Petitioner alleges in completely conclusory terms that his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments were being violated in the state criminal case and asks this Court to "intervene" in the case. (Doc. No. 1 at 8.)

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ

should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  "Under this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).  "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id*.

Upon review, this Court finds the Petition must be summarily dismissed.  First, as an initial matter, the Petition is now moot because Petitioner pled guilty to one or more of the charges against him in the state criminal case.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of an offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Washington v. Sobina*, 475 F.3d 162, 166 & n.5 (3d Cir. 2007) ("Washington waived his speedy trial claim when he entered a guilty plea.").

Second, even if the claims Petitioner raises were not moot, the doctrine of abstention would prohibit this Court from intervening in a pending state criminal proceeding, as the Petition requests.  *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971) (holding that federal courts must abstain from interfering with pending state criminal proceedings involving important state interests unless extraordinary circumstances are present).

Third, in order obtain habeas relief under Section 2241, a petitioner must show he is in custody in violation of the Constitution or laws of the United States, *see* 28 U.S.C. §2241(b)(3), and Petitioner's conclusory allegations are insufficient to suggest he might have a plausible

constitutional claim in connection with the state proceedings.

## Conclusion

Accordingly, for all of the reasons stated above, the Petition is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c).

IT IS SO ORDERED.

                                       /s/ Patricia A. Gaughan
                                       PATRICIA A. GAUGHAN
Dated: 3/20/17                     United States District Judge